**MANDELBAUM SALSBURG**
Damian P. Conforti, Esq.
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
(T) 973-736-4600
(F) 973-325-7467
dconforti@lawfirm.ms
*Attorneys for Defendant Wintrust Mortgage*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AARON Y. RUBIN and FAY RUBIN, Individually, and on behalf of all other similarly situated persons,<br><br>                                   Plaintiffs,<br><br>          vs.<br><br>WINTRUST MORTGAGE and ABC Corp. 1-5.<br><br>                                   Defendants. | CIVIL ACTION NO.:<br>(formerly in the Superior Court of New Jersey, Essex County, Docket No. L-5990-17)<br><br><br>__**NOTICE OF REMOVAL**__ |

**TO:    THE HONORABLE JUDGES AND THE CLERK
          OF THE UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW JERSEY**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1441(a), and 28 U.S.C. § 1446, Defendant Wintrust Mortgage ("Defendant Wintrust" or "Wintrust") removes the action filed against it by Plaintiffs Aaron Y. Rubin and Fay Rubin (collectively, "Plaintiffs") from the Superior Court of New Jersey, Law Division – Civil Part, Essex County Vicinage, to the United States District Court, District of New Jersey, based on the following:

1.      On or about August 15, 2017, Plaintiffs filed with the Clerk of the Superior Court of New Jersey, Law Division – Civil Part, Essex County Vicinage, a purported class action complaint against Wintrust bearing Docket No.: ESX-L-5990-17.

1093070

2.      On September 14, 2017, Wintrust was served with a copy of the complaint, summons, and track assignment notice, which constitutes all pleadings served on Wintrust in this matter.  A copy of the complaint, summons, and track assignment notice received by Wintrust are attached hereto as Exhibit A.

3.      The thirty-day time period to remove an action to this Court does not begin to run until a defendant: i) has been properly served with process; *and* ii) is in receipt a copy of the complaint.  *See* 28 U.S.C. § 1446(b)(1); *see also Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48 (1999) (holding "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process").  Since Defendant Wintrust was served with Plaintiffs' complaint and summons on September 14, 2017, its time to remove the action does not run until October 14, 2017.  Thus, this Notice of Removal is timely filed with this Court.

4.      Plaintiffs' "Class Action Complaint" consists of a single count alleging Defendant Wintrust violated 12 U.S.C. § 2605 *et seq.,* the "Real Estate Settlement Procedures Act", or "RESPA", by failing to make certain required disclosures to Plaintiffs and, upon information and belief, to other would-be class members.  *See* Exhibit A, Complaint *passim.*  Plaintiffs seek declaratory and injunctive relief, including a declaration that Wintrust has violated RESPA and an order for Wintrust to comply with RESPA in the future.  Plaintiffs also seek monetary relief, including statutory damages, costs, attorneys' fees and other relief available under the RESPA statute.  *Id.* at 6.

5.      No defendants other than Defendant Wintrust were identified in Plaintiffs' complaint (*see* Exhibit A, Summons and Complaint, captioned defendants: "Wintrust Mortgage

and ABC Corp. 1-5") and the online docket report for the Superior Court shows no other defendants having been served with the complaint to date.   A copy of the NJ Courts Public Access electronic report of documents filed and party detail for Docket No. ESX-L-5990-17 is attached hereto as Exhibit B.

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that the single count complaint alleges the violation of a federal statute (12 U.S.C. § 2605 *et seq.*, "RESPA").  *See* 28 U.S.C. § 1331 ("[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

6.      The United States District Court, District of New Jersey, is the proper district for removal because it is the district and division within which the action is pending. 28 U.S.C. §§ 1441(a) and 1446(a).

7.      As required by 28 U.S.C. § 1446(d), simultaneously with the filing of this Notice of Removal, Defendant Wintrust is filing with the Clerk of the Superior Court – the court where this action was originally filed – the enclosed Notice to Adverse Parties of Notice of Removal, thereby providing written notice of this removal to Plaintiffs' counsel.

8.      By filing this Notice of Removal, Defendant Wintrust does not waive any defenses, rights or remedies available to it at law, in equity, or otherwise.

WHEREFORE, Defendant Wintrust hereby removes this action from the Superior Court of New Jersey, Law Division – Civil Part, Essex County Vicinage, to the United States District Court, District of New Jersey.

*/s/ Damian P. Conforti, Esq.*
Damian P. Conforti. Esq.

1093070

Dated: October 12, 2017

Mandelbaum Salsburg
*Attorneys for Defendant Wintrust Mortgage*

1093070

# Exhibit A

SUPERIOR COURT OF THE STATE OF NEW JERSEY
COUNTY OF ESSEX
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

AARON Y. RUBIN and FAY RUBIN,
Individually, and on behalf of all other similarly
situated persons,

    Plaintiff,

    vs.

WINTRUST MORTGAGE and ABC Corp.1-5.
    Defendants.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

INDEX NO. ESX-L-5990-17

**SUMMONS**

Plaintiff designates the County of Essex
as the place for trial.

To the above-named Defendants:

  ***YOU ARE HEREBY SUMMONED*** to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance on the Plaintiff's attorneys within twenty (20) days after the service of this summons,
exclusive of the day of service (or within thirty (30) days after the service is complete if this
summons is not personally delivered to you within the State of New Jersey); and in case of your
failure to appear or answer, judgment will be taken against you by default for the relief as
demanded in the complaint. The nature of this action is negligence. The relief sought is damages.
Upon your failure to appear, judgment will be taken against you by default together with the costs
of this action.

Dated: September 7, 2017
   Newark, New Jersey

              **Daniel Zemel, Esq.**
              NJ ID#111402014
              Zemel Law LLC
              78 John Miller Way, Suite 430
              Kearny, New Jersey 07032
              T: (862) 227-3106
              **Attorneys for Plaintiff**
              Aaron Y. Rubin and Fay Rubin


TO:  WINTRUST MORTGAGE
    9700 W. Higgins Road
    Rosemont, IL 60018

9/14/17

ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK          NJ 07102
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (973) 776-9300
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   AUGUST 22, 2017
                    RE:     RUBIN VS WINTRUST MORTGAGE
                    DOCKET: ESX L -005990 17

    THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 2.

    DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON MAYRA V. TARANTINO

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
AT:  (973) 776-9300.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                            ATT: DANIEL ZEMEL
                            ZEMEL LAW
                            70 CLINTON AVE FL3
                            NEWARK            NJ 07114

JUAMD1

Daniel Zemel ID# 111402014
Zemel Law LLC
78 John Miller Way Suite 430
Kearny, NJ 07032
T:862-227-3106
Attorneys for Plaintiff



FILED

AUG 15 2017

Superior Court of New Jersey
Civil Division - Essex Vicinage

| | |
|---|---|
| AARON Y. RUBIN and FAY RUBIN, Individually, and on behalf of all other similarly situated persons,<br><br>Plaintiff,<br><br>vs.<br><br>WINTRUST MORTGAGE and ABC Corp.1-5.<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>ESSEX COUNTY<br><br>Case No.: L-5990-17<br><br>Civil Action<br><br>CLASS ACTION COMPLAINT |

Plaintiffs, Aaron Y. Rubin and Fay Rubin, individually and on behalf of all other similarly situated persons, (hereinafter "Plaintiff"), through undersigned counsel, hereby alleges against Wintrust Mortgage, Defendant, (hereinafter "Defendant"), as follows:

## PRELIMINARY STATEMENT

1.    This is an action for damages arising from Defendant's violations of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 *et seq*.

## JURSIDICTION AND VENUE

2.    Plaintiff is New Jersey resident and the illegal conduct arose in New Jersey.  As such, this Court has jurisdiction and venue over this action pursuant to R. 6:1-3.

## PARTIES

3.    Plaintiff is a natural person, who has had a mortgage serviced by Defendant.

4.    Defendant is a mortgage servicer with its corporate address located at 9700 W. Higgins Road Suite. 300, Rosemont, Illinois 60018.

## FACTUAL STATEMENT

5.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 4 above and incorporates them as if set forth specifically herein.

6.    On or about October 2016, Defendant began servicing Plaintiff's federally related mortgage loan.

7.    To that end, on or about October 7, 2016, Defendant mailed plaintiff a "Welcome Letter." Exhibit A.

8.    The Welcome Letter did not provide the disclosures required by RESPA.

9.    Specifically, the letter failed to provide:

    a.   The effective date of transfer of the servicing;

    b.   A toll-free or collect call telephone number for (i) an individual employed by the transferor servicer, or (ii) the department of the transferor servicer, that can be contacted by the borrower to answer inquiries relating to the transfer of servicing;

    c.   The date on which the transferor servicer who is servicing the mortgage loan before the assignment, sale, or transfer will cease to accept payments relating to the loan and the date on which the transferee servicer will begin to accept such payments;

2

d. Any information concerning the effect the transfer may have, if any, on the terms of or the continued availability of mortgage life or disability insurance or an other type of optional insurance and what action, if any, the borrower must take to maintain coverage; and

e. A statement that the assignment, sale, or transfer of the servicing of the mortgage loan does not affect any term or condition of the security instruments other than terms directly related to the servicing of such loan.

10.    The Welcome Letter sent by Defendant is a regular form letter used in the servicing of Defendant's loans.

11.    Given that this is Defendant's uniform letter, Defendant clearly has a pattern or practice of noncompliance with 12 USC § 2605(c)(3).

## CLASS ACTION ALLEGATIONS

### The Class

12.    Plaintiff brings this as a class action pursuant to New Jersey Court Rule 4:32 Indiviudally, and on behalf of all others similarly situated who have received similar Welcome Letters from Defendant, which, as alleged herein, are in violation of the RESPA.

13.    The class is defined as follows:

**All consumers that have received the same or a substantially similar Welcome Letter as Plaintiff, from Defendant, concerning the transfer of servicing rights to Defendant, within one year prior to filing of this complaint which attempt to collect a debt after a judgment has been entered.**

14.    Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

3

**<u>Numerosity</u>**

15.    Upon information and belief, Defendant has sent hundreds of similar letters failing to provide the required RESPA disclosures. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

16.    The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

**<u>Common Questions of Law and Fact</u>**

17.    There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) Whether Defendant violated RESPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief; and, (v) Whether Defendant's conduct was willful.

**<u>Typicality</u>**

18.    Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

**<u>Protecting the Interests of the Class Members</u>**

19.    Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

## **Proceeding Via Class Action is Superior and Advisable**

20.    A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.

21.    The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

22.    Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

23.    A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

24.    Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

25.    Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT
### 12 U.S.C. §2605 *et seq*

26.    Plaintiff repeats, realleges, and reincorporates the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

27.    Defendant has failed to provide the required disclosures to Plaintiff in violation of 12 USC § 2605(c)(3).

28.    It is Defendant's regular pattern and practice to fail to provide these disclosures.


WHEREFORE, Plaintiffs, Aaron Y. Rubin and Fay Rubin, respectfully request that this Court do the following for the benefit of Plaintiff:

a.    Enter an Order declaring Defendant's actions, as described above, in violation of the RESPA;

b.    Provide injunctive relief requiring Defendant to abide by RESPA;

c.    Appoint Plaintiff as the Class Representative, and appoint Plaintiff's Counsel as Lead Counsel for the Class;

d.    Enter a judgment against Defendant for statutory damages, pursuant to 12 U.S.C. § 2605(f);

e.    Award costs and reasonable attorneys' fees, pursuant to 12 U.S.C. § 2605(f); and

f.    Grant such other and further relief as may be just and proper.


Dated:    August 10, 2017
          Kearny, New Jersey

## JURY DEMAND

Plaintiff's do hereby pray and demand that this Court allow and permit a Jury Trial as to all legal and factual issues giving rise to the within complaint.

_____
Daniel Zemel, Esq.
ATTORNEY FOR PLAINTIFFS

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Daniel Zemel as Trial Counsel pursuant to Rule 4:25-4.

_____
Daniel Zemel, Esq.
ATTORNEY FOR PLAINTIFFS

## CERTIFICATION PURSUANT TO R.4:5-1

The undersigned certifies that the matter in controversy is not the subject matter of any other action, and not the subject matter of any pending or anticipated arbitration proceeding, and that to the best of my knowledge all known parties have been joined as party litigants.

Additionally, I recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this certification.

_____

7

Daniel Zemel, Esq.
ATTORNEY FOR PLAINTIFFS

## CERTIFICATION PURSUANT TO R.1:38-7

I Certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with R.1:38-7(a).

_____
Daniel Zemel, Esq.
ATTORNEY FOR PLAINTIFFS

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to Rule 4:1-2 (b), demand is made that Defendant, disclose to Plaintiff's attorney, whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all judgment which may be entered in this action or indemnify or reimburse for payment made to satisfy the judgment and provide Plaintiff's attorney with true copies of those insurance agreements or policies, including but not limited to, any and all declaration sheets. This demand shall include and cover only primary coverage, but also any and all excess, catastrophe and umbrella policies.

_____
Daniel Zemel, Esq.
ATTORNEY FOR PLAINTIFFS

8

# EXHIBIT A



# ORIGINAL NOTE

**Borrower Last Name:** Rubin
**Borrower First Name:** Aaron

**Wintrust Mortgage Loan Number:** ▮▮▮▮4940

**Investor:** Wintrust Mortgage

**Investor Loan #:**
**Commitment #:**
**Lock Expiration Date:** 17848

**Wire Funds To:**
Barrington Bank & Trust
Barrington, Illinois
ABA # 071925651
FOR CREDIT TO THE ACCOUNT OF:
WINTRUST MORTGAGE
Account #1291000
RE: Rubin,

Aaron Y Rubin

Re:    Wintrust Loan # ████4940
       Welcome to Wintrust Mortgage

Dear Borrower:

We are pleased to welcome you to Wintrust Mortgage

Your new Wintrust Loan number is ████4940

Making Payments

Enclosed is a mortgage payment coupon for your use in mailing your next mortgage payment. You may also receive a reminder letter from our Loan Servicing Department approximately 10 days before the payment is due.

What to Expect

Wintrust Mortgage is pleased to provide interim service for your loan. As is common practice in the mortgage industry, Wintrust will be transferring your loan for long term servicing to another company within approximately 60 days. This loan transfer will not affect the terms and conditions of your mortgage. Wintrust Mortgage will notify you via letter when the transfer occurs.

Wintrust Mortgage Loan Servicing Department

Our loan servicing team may be reached Monday – Friday between the hours of 8:30 a.m. – 5:00 p.m. (CST) at (800) 999-2649. Our professionals offer prompt, personal service and welcome any questions you may have.

Again, welcome to Wintrust Mortgage. We are pleased to have you as a customer.

Sincerely,

Wintrust Mortgage

# Mortgage Statement

Statement Date:   10/07/2016

Customer Service:
Wintrust Mortgage, a division of Barring
(800) 999-2649

| Account Number | ███940 |
|---|---|
| Payment Due Date | 12/01/2016 |
| **Amount Due** | **1,346.24** |

Borrowers' Name(s) and Address:
  Aaron Y Rubin

███████████████████████████

*If payment is received after 12/15/2016 , a $44.94  late fee will be charged*

## Account Information

| | |
|---|---|
| Outstanding Principal | 180,000.00 |
| Interest Rate (until 11/01/2046 ) | 4.375% |
| Prepayment Penalty | NO |

## Explanation of Amount Due

| | |
|---|---|
| Principal | 242.46 |
| Interest | 656.25 |
| Escrow (for Taxes and Insurance) | 447.53 |
| Regular Monthly Payment | 1,346.24 |
| Total Fees Charged | |
| Total Amount Due | 1,346.24 |

## Transaction Activity  ( 10/07/2016  to  12/01/2016 )

| Date | Description | Charges | Payments |
|---|---|---|---|
| | | | |

## Past Payments Breakdown

| | Paid Last Month | Paid Year to Date |
|---|---|---|
| Principal | | |
| Interest | | |
| Escrow (for Taxes and Insurance) | | |
| Fees | | |
| Total | | |

Wintrust Mortgage, a division of Barrington Bank a
9700 W Higgins Road Suite 300
Rosemont, IL 60018

| Amount Due | | |
|---|---|---|
| Due By    12/01/2016 | $ | 1,346.24 |
| $  44.94  *late fee will be charged after*  12/15/2016 | | |
| Additional Principal | $ | |
| Additional Escrow | $ | |
| Total Amount Enclosed | $ | |

*Make check payable to:*  Wintrust Mortgage, a division
of Barrington Bank and Trust
Co., N.A.

*periodic(2/14)*  C



Exhibit B

ACMS Public Access

 **COURTS PUBLIC ACCESS** 

**ACMS Public Access: Case Document List**



**Page: 1**

**END OF LIST**

| VENUE : ESSEX | COURT : LAW CVL | DOCKET #: L 005990 17 |
|---|---|---|

CASE TITLE : RUBIN VS WINTRUST MORTGAGE

| SEL | DATE FILED | DOC NUM | DOCUMENT TYPE | NON CONF | FILING/TARGET PARTY NAME | ATTORNEY NAME | MUL PTY | DOC STA |
|---|---|---|---|---|---|---|---|---|
| ◯ | 08 15 2017 | 001 | COMPLAINT | | RUBIN | ZEMEL | LAW | Y |

Screen ID:CVM1023 **Copyrighted © 2012 - New Jersey Judiciary**
Session ID: 8XEG55 Case Count: 1
BUILD 2015.6.0.02.10 Timer Count down: 298



ACMS Public Access: Document Detail







```
    VENUE       : ESSEX        COURT : LAW CVL      DOCKET # : L   005990  17
    CASE TITLE : RUBIN VS WINTRUST MORTGAGE

  FILING PARTY  : RUBIN              AARON      Y   MULTI-PARTY FILING : Y
  ATTORNEY ID   : 111402014   FIRM  : ZEMEL LAW

  TARGET PARTY  : ABC CORP 1-5                     MULTI-PARTY TARGET : Y

  DOCUMENT TYPE : COMPLAINT             DOCUMENT STATUS   : A
  DATE FILED    : 08  15  2017          IMPOUND IND       :
  PROOF/SERV DATE: 00  00  0000         NOTICE REQUEST IND: Y
                                        NON-CONFORMING    :

                                        DATE ENTERED  : 08  22  2017
                                        DTE LST MAINT : 00  00  0000
```

Screen ID:CVM1013 **Copyrighted © 2012 - New Jersey Judiciary**
Session ID: 8XEG55 Case Count: 1
BUILD 2015.6.0.02.10 Timer Count down: 287

ACMS Public Access

Page 1 of 1



**ACMS Public Access: Case Attorney List**



**Page: 1**

**END OF LIST**



| | | | AT TP | AT ST | SUBST DATE | P T | PARTY NAME | |
|---|---|---|---|---|---|---|---|---|
| VENUE : ESX  COURT : LCV  DOCKET # : L  005990  17 | | | | | | | | |
| CASE TITLE : RUBIN VS WINTRUST MORTGAGE | | | | | | | | |
| S | ATTY NUMBER | FIRM NAME | AT TP | AT ST | SUBST DATE | P T | PARTY NAME | |
| ○ | 111402014 | ZEMEL LAW | 21 | R | | PF | RUBIN | A |
| | | ATTY  REQUIRED | | | | DF | WINTRUST MORT | |
| ○ | 111402014 | ZEMEL LAW | 21 | R | | PF | RUBIN | F |
| | | ATTY  REQUIRED | | | | DF | ABC CORP 1-5 | |

Screen ID:CVM1040 **Copyrighted © 2012 - New Jersey Judiciary**
Session ID: UQ331W Case Count: 1
BUILD 2015.6.0.02.10 Timer Count down: 283

ACMS Public Access                                                    Page 1 of 1

 

**ACMS Public Access: Party Attorney Detail**



**MORE ...**

```
        VENUE      : ESSEX        COURT : LCV      DOCKET #   : L  005990  17
        CASE TITLE : RUBIN VS WINTRUST MORTGAGE

     PARTY NAME : RUBIN            AARON     Y  PARTY TYPE : PLAINTIFF

     ATTY ID    NAME(LAST, FIRST MID)        GOOD STANDING STATUS: ACTIVE
     111402014  ZEMEL           DANIEL       GOOD STANDING DATE  : 2014-11-21
     STATUS: R  ATTY RECRD      STATUS DATE: 2017 08 22  TRIAL CNSL EXP: 0000 00 00
     ------------------------- FIRM/ADDRESS INFORMATION -------------------------
     FIRM NAME  : ZEMEL LAW

     FIRM STATUS : ACTIVE           STATUS DATE: 2015-03-18

             :
          CITY: NEWARK           STATE: NJ  ZIP CODE : 071140000
         PHONE: 8622273106                  ADDR STAT: APPROVED
      ADDR QUAL: 0001                        ADDR TYPE: BO  LAW OFFICE
     --------------------------- AUDIT INFO ---------------------------
     ENTERED DATE: 2017-08-22   LAST MAINT: 0000-00-00  OPERATOR ID: JUAMD1
```

Screen ID:CVM1017 **Copyrighted © 2012 - New Jersey Judiciary**
Session ID: 8XEG55 Case Count: 1
BUILD 2015.6.0.02.10 Timer Count down: 290

ACMS Public Access                                                                Page 1 of 1

                                                        


ACMS Public Access: Party Attorney Detail

MORE ...

```
          VENUE     : ESSEX        COURT : LCV      DOCKET #   : L   005990  17
          CASE TITLE : RUBIN VS WINTRUST MORTGAGE

        PARTY NAME : RUBIN             FAY           PARTY TYPE : PLAINTIFF

        ATTY ID    NAME(LAST, FIRST MID)      GOOD STANDING STATUS: ACTIVE
        111402014  ZEMEL          DANIEL      GOOD STANDING DATE : 2014-11-21
        STATUS: R  ATTY RECRD      STATUS DATE: 2017 08 22  TRIAL CNSL EXP: 0000 00 00
        ----------------------- FIRM/ADDRESS INFORMATION -------------------------
        FIRM NAME  : ZEMEL LAW

        FIRM STATUS : ACTIVE          STATUS DATE: 2015-03-18
               :
            CITY: NEWARK            STATE: NJ  ZIP CODE : 071140000
           PHONE: 8622273106                   ADDR STAT: APPROVED
        ADDR QUAL: 0001                         ADDR TYPE: BO  LAW OFFICE
        ----------------------------- AUDIT INFO -------------------------------
        ENTERED DATE: 2017-08-22   LAST MAINT: 0000-00-00  OPERATOR ID: JUAMD1
```

Screen ID:CVM1017 **Copyrighted © 2012 - New Jersey Judiciary**
Session ID: 8XEG55 Case Count: 1
BUILD 2015.6.0.02.10 Timer Count down: 290